UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mike A. Stuge,                                                        Civil No. 13-1135 (PJS/FLN)

            Plaintiff,

v.                                                                              **REPORT AND RECOMMENDATION**

Bank of America, et al,

            Defendants.

___

Mike A. Stuge, *pro se*.
Mark G. Schroeder for Defendants.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 19, 2013, on Defendants' motion to dismiss (ECF No. 5). After the July hearing, the Court facilitated Stuge's representation in the Pilot Early Settlement Conference Project. ECF No. 21. Stuge was represented by Special Settlement Conference Counsel, Mr. Bryan Battina. ECF No. 27. The settlement conference was held on September 6, 2013. ECF No. 26. The parties were unable to reach a settlement agreement and Battina was relieved as counsel. ECF Nos. 28 and 29. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Defendants' motion be **GRANTED** and Plaintiff's complaint be **DISMISSED with prejudice.**

## I. BACKGROUND

Stuge is a former mortgagee who entered into an agreement with Defendant Greenpoint Mortgage Funding, Inc. in August 2005 for a mortgage loan of $184,000, plus interest. The mortgage loan was used to purchase a home in Eagan and was secured against the property. ECF

1

No. 8, Ex. A and B. While living at the property, Stuge made several improvements to the home and performed general maintenance on the property. ECF No. 1 at 3. The improvements include $5,270 for replacement of the driveway, $11,410 for renovations to the bathroom and bedroom, $18,580 for improvements to siding and fascia, $19,850 for replacement of the windows and doors, $6,915 for improvements to the bathroom, kitchen, and dining room, $5,310 for flooring, and $37,100 for general maintenance, including lawn mowing and snow removal. *Id.* In total, Stuge claims that the value of the improvements and maintenance he completed is $104,435. *Id.*

At some point prior to June 2012, Stuge was notified that the property would be sold at a foreclosure sale due to his failure to make monthly payments on the mortgage loan. ECF No. 14 at 3. After receiving this notice, Plaintiff applied for home loan modification but did not receive a response before Bank of America bought the property at the foreclosure sale in June 2012. *Id.*; ECF No. 7 at 2.

## II. RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from the facts plead. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*,

133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949. In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

### III. LEGAL ANALYSIS

Stuge asserts two claims against Defendants: (1) unjust enrichment and (2) unfair and deceptive trade practices.[1] Assuming all facts alleged are true, Stuge fails to state a claim upon which relief can be granted. The court will address each claim in turn.

**A. Stuge's unjust enrichment claim fails because he is not entitled to a mechanic's lien.**

Stuge alleges unjust enrichment on the basis that the Defendants have not compensated him for the improvements he made to the property. ECF No. 1 at 3. Specifically, Stuge alleges that he has a mechanic's lien of $104,435 on the property under Minnesota Statute § 514.01. *Id.* Defendants argue that Stuge cannot place a mechanic's lien on his own property and therefore

---

[1] Plaintiff does not distinguish between the five Defendants in his complaint, except that Bank of America is the current property owner and that Greenpoint Mortgage Funding, Inc. was the original lender.

cannot state a claim for unjust enrichment. ECF No. 7 at 4. The Court agrees with the Defendants.

The statutory basis for a mechanic's lien is set forth in Minn. Stat. § 514.01, which states "[w]hoever [ ] contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery [ ], whether under contract with the owner of such real estate or at the instance of any agent, trustee, contractor or subcontractor of such owner, shall have a lien upon the improvement, and upon the land on which it is situated . . . ." Minn. Stat. § 514.01 (2012). The purpose of a mechanic's lien is to provide a statutory remedy to protect those who furnish materials or services in the improvement of real property. *See S.M. Hentges & Sons, Inc. v. Mensing*, 777 N.W.2d 228, 230 (Minn. 2010). However, a person cannot hold a mechanic's lien against their own property. *Nelson v. Nelson*, 415 N.W.2d 694, 697 (Minn. Ct. App. 1987) ("[T]he only reasonable interpretation of section 514.01 is that it precludes the filing of a mechanics' lien by an owner upon his own property.").

An essential element in establishing a lien is "showing a debt or an obligation of the landowner." *Id.* (citing *Federal Land Bank of Omaha v. Boese*, 373 N.W.2d 118, 121 (Iowa 1985)). This element "cannot be satisfied when a property owner claims a lien on his own real estate because an owner cannot owe himself a debt." *Id.* Stuge contends that he was not the owner of the property when he filed the mechanic's lien because Defendants had already purchased the property. ECF No. 14 at 2. However, the court in *Nelson* also addressed this argument, concluding that ownership for the purpose of determining the validity of a mechanic's lien is measured at the time the improvements are made, not at the time the mechanic's lien was filed. *Id.* Stuge made most of the improvements to the property prior to the foreclosure sale and, to the extent any improvements were completed after the sale, they were done so voluntarily.

4

ECF No. 1 at 3. Thus, as a matter of law, the improvements Stuge made to the Eagan property he formerly owned do not entitle him to a mechanic's lien. For these reasons, Stuge's unjust enrichment claim fails.

**B. Stuge's unfair and deceptive trade practices claim fails because the statute does not apply to real estate transactions and only provides for injunctive relief.**

In count two, Stuge alleges unfair and deceptive trade practices under Minnesota Statute § 325D.44. He argues that Defendants engaged in conduct that created a likelihood of confusion or misunderstanding by overvaluing the property in the original 2005 appraisal. *See* Minn. Stat. § 325D.44, subd. 1 (2). To this end, Stuge argues that the Defendants misled him to believe that the property was worth more than it actually was.[2] *Id.* Defendants argue that the Minnesota Deceptive Trade Practices Act (DTPA) does not apply to real estate transactions and thus, as a matter of law, count two states no claim upon which relief can be granted. ECF No. 7 at 9. The Court agrees.

It is not clear that the DPTA applies to real estate transactions. The Act refers to "goods or services" but there is no mention of how the Act applies to real estate transactions. *See Kellogg Square Partnership v. Prudential Ins. Co. of Am.*, 63 F.3d 699, 703 n.8 (8th Cir. 1995) ("We doubt that the Deceptive Trade Practices Act even applies to this real estate transaction."). Moreover, even if the statute could be construed to apply to real estate transactions, "the sole statutory remedy for deceptive trade practices is injunctive relief." *Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*, 603 N.W.2d 336, 339 (Minn. Ct. App. 1999). The Act "provides relief from future damage, not past damage." *Gardner v. First Am. Title Ins. Co.*, 296 F.Supp. 2d 1011, 1020 (D. Minn. 2003). Here, Stuge is seeking $104,435 to remedy past damages. ECF No. 1.

---

[2] Stuge's response to Defendants' motion to dismiss does not discuss his allegations that the Defendants misled him in the 2005 appraisal of the property, but rather that Defendants confused and mislead him regarding the home loan modification he applied for in 2012. ECF No. 14 at 3–4. Because the later allegations are not stated in the Complaint, they are not properly before the Court.

Thus, Stuge fails to state a claim for which relief can be granted under the DTPA. *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1071 (D. Minn. 2013) (". . . injunctive relief is the only remedy under DTPA . . . .").[3]

### IV. CONCLUSION

Based upon all the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (ECF No. 5) be **GRANTED**;

2. Plaintiff's Complaint be **DISMISSED with prejudice**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 3, 2014                         *s/Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 21, 2014,** written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 21, 2014** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[3] Plaintiff filed a reply to Defendants' Reply Memorandum. ECF No. 18. This memorandum was filed without permission and therefore was not considered. *See* Local Rule 7.1 (c).